NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDALL PIERCE,<br><br>　　　　　　Petitioner-Appellant,<br><br>　v.<br><br>STUART SHERMAN, Warden,<br><br>　　　　　　Respondent-Appellee. | No.　17-15539<br><br>D.C. No. 5:15-cv-05568-LHK<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted January 16, 2019[**]
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and ADELMAN, District Judge[***]

Randall Pierce appeals the district court's decision denying his petition for a

writ of habeas corpus under 28 U.S.C. § 2254.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

In state court, Pierce was charged with failing to properly register as a sex offender. At his initial appearance, he waived his right to counsel. But the waiver colloquy was defective, in that the court did not advise the petitioner of the nature of the charges against him and the range of penalties he faced. Pierce represented himself at trial, was convicted, and was sentenced to five years and four months' imprisonment. After exhausting his state-court remedies, Pierce filed his federal habeas petition, alleging that he did not knowingly and intelligently waive his Sixth Amendment right to counsel. The district court denied the petition, holding that although the waiver colloquy was defective, the petitioner had not carried his burden to prove that, at the time of the waiver, he did not know the nature of the charges against him or the range of penalties he faced. "[I]n a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel." *Iowa v. Tovar*, 541 U.S. 77, 92 (2004); *see also Cordova v. Baca*, 346 F.3d 924, 926 (9th Cir. 2003) (recognizing that inadequate waiver colloquy does not automatically invalidate the waiver).

On appeal, Pierce does not argue that, in the district court, he carried his burden to show that he did not know the nature of the charges against him or the

range of penalties he faced.[1] Instead, he argues that the district court improperly dismissed his habeas petition based on a pleading defect without granting him an opportunity to amend his petition, even though he failed to request leave to amend. But Pierce misunderstands the district court's order. The court did not *dismiss* the petition based on a pleading defect. It *denied* the petition after considering the entire record. That is, the court considered the petition, the attached brief and other supporting materials, the respondent's answer, the respondent's brief, and the state-court record, and then concluded that Pierce had failed to point to any allegations or evidence suggesting that his waiver was not knowing and intelligent. Because a district court is generally prohibited from holding evidentiary hearings in habeas cases and must usually decide them based on the state-court record, *see, e.g.*, 28 U.S.C. § 2254(e); *Murray v. Schriro*, 745 F.3d 984, 999–1000 (9th Cir. 2014), habeas cases are almost always decided based on the briefs and other papers. *See also* Rule 8(a), Rules Governing § 2254 Cases ("If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court

---

[1] Pierce does argue that he satisfied his burden to prove that the waiver colloquy was defective, but, as already noted, a defective waiver colloquy will not automatically invalidate the waiver. *See Cordova*, 346 F.3d at 926. Pierce also argues that he alleged in the district court that the record did not demonstrate that his waiver was knowing and intelligent. But, as noted, on collateral review, it is the petitioner who bears the burden of demonstrating that his waiver was *not* knowing and intelligent. So Pierce could not obtain habeas relief by proving only that the state had not shown that his waiver was knowing and intelligent.

proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."). Here, in resolving this case based on the paper record, the district court fully adjudicated Pierce's claim—it did not dispose of it based on a pleading defect. Therefore, it was not an abuse of discretion to fail to grant Pierce leave to amend where he did not request it.

We also note that the district court gave Pierce an opportunity to refute the respondent's argument that he had not met his burden to prove that his waiver was not knowing and intelligent. Specifically, the court gave Pierce an opportunity to file a reply (which it called a "traverse") to the respondent's answer. Pierce chose not to file a reply, and thus he chose not to respond to the respondent's argument that Pierce had not met his burden of proof. Accordingly, the district court did not act unfairly in adjudicating the petition without granting Pierce a further opportunity to submit allegations or evidence in support of his claim.

**AFFIRMED.**